| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**BECKER MEISEL LLC**<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Attorneys for Chapter 7 Trustee, Stacey L. Meisel<br>STACEY L. MEISEL (SM-9539)<br>LAUREN E. HANNON (LH-7549) | |
| In re:<br><br>JDN PROPERTIES AT FLORHAM PARK, LLC,<br><br>Debtor. | Case No. 10-11697 (MS)<br><br>Chapter 7<br><br>Judge: Hon. Morris Stern<br><br>Hearing Date: |

**VERIFIED APPLICATION IN SUPPORT OF THE MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS PURSUANT TO 11 *U.S.C.* § 721 FOR THE LIMITED PURPOSE OF COLLECTING RENT, TO ACT IN THE CAPACITY OF LANDLORD, AND FOR RELATED RELIEF**

To:   HONORABLE MORRIS STERN
      UNITED STATES BANKRUPTCY JUDGE

Stacey L. Meisel, Chapter 7 Trustee of the debtor, JDN Properties at Florham Park, LLC, by way of Verified Application, and by and through her counsel, Becker Meisel LLC, respectfully represents as follows:

**INTRODUCTION**

1.   The Trustee submits this Application in support of the *Motion for Entry of an Order Authorizing the Chapter 7 Trustee to Operate the Debtor's Business Pursuant*

to 11 U.S.C. § 721 for the Limited Purpose of Collecting Rent, To Act in the Capacity of Landlord, and for Related Relief (the "Motion to Operate"), which seeks an Order authorizing the Trustee to collect rent currently being generated from residential real property owned by the Debtor.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O). The bases for the relief requested herein are 11 U.S.C. §§ 105 and 721.

3. Venue of the Debtor's Chapter 7 case and this Motion to Operate in this District is proper pursuant to 28 U.S.C. § 1408 and 1409.

## BACKGROUND

4. On or about January 21, 2010 (the "Petition Date"), JDN Properties at Florham Park, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. On or about February 24, 2010, the case converted to one under Chapter 7 of the Bankruptcy Code.

6. On or about February 25, 2010, Stacey L. Meisel (the "Trustee") was appointed as the Chapter 7 Trustee.

7. As set forth on Schedule A of the Debtor's petition, the Debtor owns a single family house located at 9 Beacon Hill Road, Florham Park, New Jersey (the "Property").

8. Based on the Trustee's initial review, it appears there is significant equity in the Property.

9. The Debtor currently rents the Property to Stanley Doobin (the "Tenant").

10. Upon information and belief, the Property generates $6,750.00 per month.

11. There is a Lease on the Property between Laura DeLuca and Stanley Doobin, which expires on August 31, 2010. *See* Lease attached hereto as Exhibit "A".[1]

12. Prior to the filing and upon information and belief, the Tenant paid the monthly rental amount to the Morris County Sheriff pursuant to the terms of a pre-petition State Court Order issued in the case captioned *Humayan Ahktar v. JDN Properties, LLC, et al.*, identified by Docket No. MRS-L-1707-07.

13. The Trustee advised the Morris County Sheriff and interested parties of her appointment and demanded all future rent payments be made to the Trustee.

**RELIEF REQUESTED**

14. Section 721 of the Bankruptcy Code states that "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in

---

[1] Although the Property is owned by the Debtor, for some reason, the Lease is between Laura DeLuca and Stanley Doobin.

3

the best interests of the estate and consistent with the orderly liquidation of the estate." 11 *U.S.C.* § 721. Additionally, Bankruptcy Code Section 105(a) allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]". 11 *U.S.C.* § 105(a).

15. The Trustee seeks to operate the Debtor's business for the limited purpose of collecting rents from the Property and to act as Landlord of the Property.

16. As such, the Trustee seeks authorization to address any issues that may arise at the Property that are generally considered incidental to a Landlord-Tenant relationship.

17. In particular, counsel for the Tenant recently advised the Trustee that the Property suffered water damage as a result of the recent storms. The Trustee will need to evaluate whether it is in the best interests of the estate and creditors to undertake any repairs necessary to remediate the recent water damage or perform any future repairs.

18. The Trustee proposes to collect the rent until the Property can either be marketed and sold or abandoned, consistent with the orderly liquidating of the Debtor's estate.

19. The Trustee believes this is in the best interest of the Debtor's estate and the Debtor's creditors as it will generate approximately $6,750.00 per month and the Property will continue to be occupied, which is usually beneficial.

20. Additionally, if there is any possibility that the current Tenant may be an interested bidder in the ultimate sale of the Property, the Trustee believes it is prudent to continue to permit the Tenant to reside in the Property.

21. The Trustee proposes that continued operation of the Debtor's business for the limited purpose of collecting rents and maintaining the property as is necessary within her business judgment, until the Property is sold or abandoned, is in the best interest of the Debtor's estate and the Debtor's creditors.

22. Insurance exists on the Property and the Trustee is named as an additional insured. *See* copy of Insurance Certificate attached hereto as Exhibit "B".

## **CONCLUSION**

23. For all of the foregoing reasons, the Trustee respectfully requests that this Court enter the accompanying Order approving the Trustee's continued operation of the Debtor's business, pursuant to Section 721, for the purpose of collecting rents from 9 Beacon Hill Road, Florham Park, New Jersey, to act as Landlord, and to maintain the Property in her business judgment, as the Trustee finds is in the best interest of the estate and creditors.

>BECKER MEISEL LLC
>Attorneys for Chapter 7 Trustee,
>Stacey L. Meisel
>
>By: /s/ Stacey L. Meisel
>    Stacey L. Meisel

Dated: April 7, 2010

5

## VERIFICATION

I hereby verify that the foregoing statements made by me are true to the best of my knowledge and belief.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:  /s/ Stacey L. Meisel
     Stacey L. Meisel

Dated:  April 7, 2010

S:\Docs\Becker Meisel\JDN PROPERTIES AT FLORHAM PARK\PLEADINGS\MOTION TO OPERATE UNDER 721\JDN PROPERTIES - Verified Application for Motion Under Section 721 to Operate Debtor's Business.doc

6